■ In the Matter of JOHN H. DONOHUE, Appellant, v. NEW YORK STATE POLICE, Respondent.—*Per Curiam.* Appeal by petitioner from an order of the Supreme Court at Special Term which denied his application to punish

respondent for contempt. (Opinions on prior appeals, 25 A D 2d 908, revd. 19 N Y 2d 954.) Although we find no merit in the Attorney-General's argument that the citation by the Court of Appeals of *Matter of Bell* v. *Waterfront Comm. of N. Y. Harbor* (20 N Y 2d 54) either contemplated or authorized petitioner's suspension for the period of approximately three years consumed in the trial and determination of the disciplinary proceeding, neither do we find that any basis has been demonstrated for an application to punish for contempt. Order affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum *Per Curiam*; Herlihy and Reynolds, JJ., each in a separate memorandum. Herlihy, J. (concurring). From the present record it appears that the respondent has not yet imposed any lawful penalty on the petitioner, but merely reinstated him following three years of litigation and accordingly it is unnecessary to decide whether the Superintendent of the State Police is in contempt of court or whether the present motion, part of the original proceeding, could be interpreted as addressed to the foot of the judgment. The Superintendent had no authority to impose any penalty or punishment except as provided in section 75 of the Civil Service Law and his own rules and regulations (see 9 [A] NYCRR 479.13) which, according to subdivision 2 of section 215 of the Executive Law, are subject to approval by the Governor. It certainly was not the intention of this member of the court and I assume that it was not the intention of the Court of Appeals, the remittitur of which clearly stated " His discharge is annulled ", to permit the Superintendent, rather than following his own rules and regulations, to subject the petitioner to an unauthorized penalty of three years' suspension. It appears to me that the time has arrived for the Superintendent to impose a new penalty, if he deems it necessary, in accordance with his own rules and regulations and without further litigation, after which the issue as to what back pay, if any, petitioner is entitled to receive can be determined upon a hearing as provided by law. Reynolds, J. (concurring). I concur in the result. Appellant has brought this proceeding seeking an order punishing respondent for criminal contempt for its failure to construe the decision of the Court of Appeals in the manner appellant does. The issue before us is a very narrow one; i.e., was this proceeding the proper vehicle to obtain an interpretation or clarification of the decision of the Court of Appeals? The order of Special Term held that it was not and we agree. I feel that any statement made by us which attempts to interpret the meaning of the Court of Appeals' opinion and remittitur is gratuitous. The Attorney-General argues that following the decision of the Court of Appeals (*Matter of Donohue* v. *New York State Police,* 19 N Y 2d 954) respondent took counsel as to the meaning and interpretation of the decision and the course it should follow. The advice received was that *Matter of Bell* v. *Waterfront Comm.* (20 N Y 2d 54 [decided concurrently with *Matter of Donohue* (*supra*) and cited therein]), which held that Bell was to be reinstated and the reinstatement was to be effective as of the time of the date of the decision of the Court of Appeals, was to be read together with *Matter of Donohue* and appellant's reinstatement to the State Police was to be effective when the order determining the matter was served. The Attorney-General contends that this is a reasonable interpretation. He further argues that at no point in the litigation did anyone dispute appellant's wrongdoing, and the Court of Appeals, by citing CPLR 7803 (subd. 3) deliberately avoided the limited punishment available to the respondent in connection with appellant which is provided by sections 75 (subd. 3), 76 (subd. 3) and 77 of the Civil Service Law and provisions of the Rules and Regulations of the New York State Police. The Attorney-General further

argues in view of the foregoing, that it seems inconceivable that the Court of Appeals, when it annulled the revocation under CPLR 7803 (subd. 3), meant that this matter should be returned to the Superintendent for the imposition of but a two-month suspension, making the State of New York responsible to appellant for thousands of dollars of back pay as appellant contends. There were other simple avenues of approach which could have been used by appellant to obtain the interpretation and clarification of the decision of the Court of Appeals. The Attorney-General states that appellant's counsel is a specialist in the Civil Service Law. Appellant's counsel could have made a motion in the Court of Appeals to interpret and instruct concerning its opinion and the remittitur; he could have submitted an order which was consonant with his interpretation; he could have moved to amend the order or could have proceeded under section 77 of the Civil Service Law. It is my view that we should dispose of the narrow issue here and that if appellant disagrees with respondent's interpretations of the Court of Appeals' decision he should move in that court to clarify it and we should not make any observations or comments thereon in this court, or issue any instructions to respondent.